IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 19-00626 DKW-RT |
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| OFFICE OF DISCIPLINARY COUNSEL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the court is pro se plaintiff Francis Grandinetti's pleading, titled

"Federal Lawyer Complaint (ATC)."[1]  ECF No. 1.  Grandinetti's Complaint makes

little sense, but it appears that he seeks appointment of counsel to represent him for

an upcoming parole board hearing or to challenge his sentence in *State v.*

*Grandinetti*, Cr. No. 93-0141 (Haw. Cir. Ct.) (judgment of conviction entered

November 8, 1993) under Hawaii Rules of Penal Procedure 35.  *See*

https://jimspss1.courts.state.hi.us. (3PC930000141).  For the following reasons,

this action is DISMISSED.

---

[1]Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, which is under contract with the Hawaii Department of Public Safety to house Hawaii inmates.

# I. DISCUSSION

Grandinetti did not submit the filing fee or an application to proceed in

forma pauperis with his pleading.  Grandinetti, however, has accrued three strikes

pursuant to 28 U.S.C. § 1915(g)[2] and has been notified of these strikes and their

effect on his pleadings many times.  Thus, Grandinetti may not proceed without

payment of the filing fee, unless his pleadings show that he was in imminent

danger of serious physical injury at the time that he brought this action.  *See*

*Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).

Nothing within Grandinetti's pleadings suggests that he is or was in

imminent danger of serious physical injury when he filed this action, or that there

is a continuing practice that injured him in the past that poses an "ongoing danger."

*Id.* at 1056.  He may not proceed in this action without full payment of the civil

and administrative filing fee of $400.

Additionally, Grandinetti's pleading is devoid of claims for relief or facts

from which a claim could be liberally construed and is subject to dismissal for

failure to state a claim on that basis.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (stating, "a complaint must contain sufficient factual matter, accepted as

---

[2]*See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

true, 'to state a claim to relief that is plausible on its face'") (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, Grandinetti has no

constitutional right to be released on parole before the expiration of a valid

sentence, *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), and he has no

constitutional right to counsel at a parole consideration hearing, *Dorado v. Kerr*,

454 F.2d 892, 897 (9th Cir. 1972). *See also Greenholtz v. Inmates of Neb. Penal &*

*Corr. Complex*, 442 U.S. 1, 16 (1979) (finding that a parole consideration hearing

is not an "adversary proceeding," but "essentially an experienced prediction based

on a host of variables"); *cf. Coleman v. Thompson*, 501 U.S 722, 752 (1991)

(where there is no constitutional right to counsel, there can be no deprivation of

effective assistance). Nor does this Court have jurisdiction to appoint Grandinetti

counsel to represent him before the Hawaii Paroling Authority or for proceedings

brought in a state court.

## II. <u>CONCLUSION</u>

(1) This action is DISMISSED without prejudice for Grandinetti's failure to

pay the full civil and administrative filing fee of $400 as required by 28 U.S.C.

§ 1914(a);

(2)  The Clerk is DIRECTED to close this case.  The Court will take no further action herein beyond processing a notice of appeal;

(3)  Grandinetti may re-open this case if he pays the full $400 civil and administrative filing fee on or before December 6, 2019.

IT IS SO ORDERED.

DATED: November 21, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---